PER CURIAM:
 

 On March 20, 1986, Thomas H. Lashley, and his wife Jean H. Lashley (“the Lash-leys”) filed a Chapter 13 petition in the United States Bankruptcy Court, thereby activating an automatic stay of state proceedings. 11 U.S.C. § 362(a). Appellee First National Bank of Live Oak had filed foreclosure proceedings in a Florida state court, which had entered a final judgment of foreclosure and had set a foreclosure sale for March 21, 1986. These proceedings were automatically stayed by the Lashleys’ petition.
 

 On September 22, 1986, the bankruptcy court entered an order dismissing the case. The bankruptcy court also specifically dissolved and vacated the § 362(a) automatic stay. On September 29, 1986, the Florida state court entered an amended final judgment of foreclosure and directed the court clerk to conduct a foreclosure sale on October 22, 1986. On October 1, 1986, the Lashleys served notice of appeal of the bankruptcy court’s order dismissing their Chapter 13 case. On October 21, 1986, the day before the foreclosure sale, the Lash-leys filed a motion with the bankruptcy court for a stay pending appeal. They did not, however, make a request pursuant to Bankruptcy Rule 8011(d) that their motion be considered an emergency matter to be dealt with on an expedited basis. The foreclosure sale was conducted on October 22, 1986.
 

 On November 28, 1986, more than a month after the foreclosure sale had been conducted, the bankruptcy court entered an order on the Lashleys’ motion for a stay pending appeal, in which the bankruptcy court ruled that its dismissal of September 22, 1986, would be stayed for a 30 day period in order to permit the Lashleys to seek a stay pending appeal from the United States District Court. Subsequently, appellants served a letter motion asserting that the bankruptcy court’s order should be modified to show that the stay was retroactive to the date of the dismissal, September 22, 1986. This motion was denied by the bankruptcy court. The district court dismissed the Lashleys’ appeal on the grounds that the appellee bank properly resumed state foreclosure proceedings after the bankruptcy court’s order of dismissal and because the appeal was rendered moot by the foreclosure sale. The Lashleys appealed that action to this court. We affirm.
 

 Appellants argue that the bankruptcy court’s stay order was intended to grant a stay pending appeal which was to be retroactive to the date of dismissal. They reason that the foreclosure sale was thus in violation of the stay and void. It would follow that the district court erroneously dismissed the appeal as moot.
 

 Appellee, argues that the bankruptcy court did not intend to order a retroactive stay, that it eliminated any ambiguity as to
 
 *364
 
 its intent by denying appellants’ letter motion for reconsideration on this point, and that even if the bankruptcy court had initially intended to retroactively stay its dismissal, it nonetheless had discretion and authority to modify its order, which it did through its subsequent written order.
 

 Neither party addressed the threshold question which we find dispositive. Whether the bankruptcy court intended its order to apply retroactively is irrelevant if it has no authority to do so. While the Bankruptcy Code grants the bankruptcy court the power to retroactively
 
 grant relief
 
 from a stay, 11 U.S.C. § 362(d);
 
 In Re Albany Partners Ltd.,
 
 749 F.2d 670, 675 (11th Cir.1984), this court is unaware of any authority that grants the bankruptcy court power to retroactively
 
 impose
 
 a stay. In
 
 In Re Krueger,
 
 69 B.R. 845 (Bankr.C.D.Cal.1987), the bankruptcy court had before it the question of whether a district court’s reinstatement order that ostensibly gave retroactive effect to an automatic stay had any effect on a foreclosure sale completed prior to that order and after the bankruptcy court’s dismissal order. The court noted:
 

 The foreclosure sale proceeded in accordance with California law. There was no violation of the automatic stay because the foreclosure sale took place after [the bankruptcy court’s] dismissal order and before [the district court’s] reinstatement order. [The district court’s] order cannot give retroactive effect to the automatic stay and thereby cause the foreclosure sale to be a violation of the automatic stay. Therefore, the foreclosure sale is not affected by [the district court’s] action.
 

 Id.
 

 [1]
 

 When a debtor does not obtain a stay pending appeal of a bankruptcy court or district court order setting aside an automatic stay and allowing a creditor to foreclose on property the subsequent foreclosure renders moot any appeal.
 
 In Re Matos,
 
 790 F.2d 864 (11th Cir.1986);
 
 Markstein v. Massey Assoc., Ltd.,
 
 763 F.2d 1325 (11th Cir.1985);
 
 In Re Sewanee Land Coal and Cattle Inc.,
 
 735 F.2d 1294 (11th Cir.1984). “This rule of law is intended to provide finality to orders of bankruptcy courts and to protect the integrity of the judicial sale process upon which good faith purchasers rely.”
 
 Markstein v. Massey Assoc. Ltd.,
 
 763 F.2d at 1327. The same need to protect the integrity of the judicial sale process also indicates that a bankruptcy court should not be able to retroactively void a foreclosure sale so that a debtor can pursue an appeal.
 

 AFFIRMED.
 

 . While the bankruptcy court may have the equitable power to set aside a foreclosure sale,
 
 see In Re Krueger,
 
 69 B.R. 845 (Bankr.C.D.Cal.1987), that issue is not before this court.