In re CLUB CANDLEWOOD ASSOCI-ATES, L.P., a Georgia Limited Partnership, Debtor.

CLUB CANDLEWOOD ASSOCIATES, L.P., Appellant,

v.

HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.

Civ. A. No. 1–89–CV–987–JOF.

United States District Court, N.D. Georgia.

Oct. 4, 1989.

James C. Morton, Bondurant, Mixson & Elmore, Atlanta, Ga., for Home Fed S & L.

John A. Christy, Schreeder, Wheeler & Flint, Atlanta, Ga., for debtor.

## ORDER

FORRESTER, District Judge.

This matter is before the court on Home Federal's motion to dismiss this bankruptcy appeal. The bankruptcy court dismissed the case in an order dated March 24, 1989, 106 B.R. 752, and entered on the docket March 30, 1989, because it found the debtor filed the petition for bankruptcy in bad faith. The debtor never sought a stay pending appeal, and on April 4, 1989, the debtor's sole asset, an apartment complex, was sold at foreclosure. The asset was purchased by Home Federal, who held a security interest in the property. Home Federal moves to dismiss the appeal as moot because of this sale.

Settled law in the Eleventh Circuit is that when the bankruptcy court lifts the stay, the debtor does not get a stay pending appeal, and the property is foreclosed on, the appeal is moot. *Sewanee Land, Coal & Cattle, Inc. v. Lamb*, 735 F.2d 1294 (11th Cir.1984); *Lashley v. First National Bank of Live Oak*, 825 F.2d 362 (11th Cir.1987), *cert. denied*, 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988). The debtor contends that this doctrine does not apply in this case because the case was dismissed rather than the stay being lifted. There is no ground for distinguishing this case from those decided by the Eleventh Circuit because this case was dismissed. The court in *Lashley* affirmed the district court finding of mootness after the case had been dismissed and the property was foreclosed on. There is no principled difference in effect between lifting a stay and dismissing the case. Dismissal must be effective to lift the stay.

Also, the *Lashley* court found that the bankruptcy court had no authority to impose the stay retroactively after the foreclosure. A decision by this court that this appeal is not moot would be as if the court were retroactively imposing a stay. This, it has no authority to do. *Lashley*, 825 F.2d at 362.

The debtor points to an order by Judge Moye of this court, *Northwest Place, Ltd. v. Cooper*, 108 B.R. 809 (N.D.Ga.1988). Judge Moye in that case found that the appeal was not moot. However, the bankruptcy court there imposed conditions on the sale of property to preserve the appeal and prevent mootness. Therefore, *Northwest* is distinguishable from the case at bar.

As the debtor never sought a stay pending appeal and the property has been foreclosed on, this appeal is moot. It is hereby DISMISSED.

SO ORDERED.