**In re HIGHWAY TRUCK DRIVERS & HELPERS LOCAL UNION # 107.**

**Appeal of Ronald and Frances GAJKOWSKI, et al.**

**Nos. 89–1312, 89–1313.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 5, 1989.

Decided Oct. 30, 1989.

---

Gregory T. Magarity, Martha E. Johnston, Debra Klebanoff, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, Pa., for appellants.

Albert A. Ciardi, Jr., David S. Fishbone, Ciardi, Fishbone & DiDonato, Philadelphia, Pa., for appellee-Highway Truck Drivers & Helpers Local Union No. 107.

James D. Crawford, James J. Leyden, Frank C. Sabatino, Nicholas J. LePore, III, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellee-Teamsters Health & Welfare Fund of Philadelphia & Vicinity & Teamsters Pension Fund of Philadelphia & Vicinity.

Richard H. Markowitz, Markowitz & Richman, Philadelphia, Pa., for appellee-PA Conference of Teamsters, Teamsters Joint Council No. 53, & Teamsters Joint Council No. 53 Retirement Trust.

Before MANSMANN, NYGAARD and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

Ronald and Frances Gajkowski, William and Jean Abate and Robert Schipske ("Gajkowski creditors"), appeal from the order of the district court which affirmed the order of the bankruptcy court granting Highway Truck Drivers and Helpers Local Union No. 107 ("Debtor 107") relief from the automatic stay provisions of 11 U.S.C. § 362(a).[1] The Gajkowski creditors maintain that the full faith and credit provision under 28 U.S.C. § 1738 limited the bankruptcy court's discretion to grant prospective relief from the automatic stay. We need not consider the propriety of the bankruptcy court's decision because, for the reasons stated below, we hold that the matter has been mooted by the intervening judgment of the Pennsylvania Supreme Court.

### I.

The Gajkowski creditors brought suit in the Court of Common Pleas of Bucks County, Pennsylvania, against the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (IBT) and its Local 107, (Debtor 107), for damages sustained in a shooting incident on January 25, 1980, at a plant at which members of Local 107 were on strike and picketing. In March, 1984, the jury returned a verdict in favor of the Gajkowski creditors and against both defendants for approximately $1.3 million.

The verdict was initially upheld by an *en banc* panel of the Bucks County Common Pleas Court. However, the Superior Court of Pennsylvania reversed. On August 31, 1987, the Supreme Court of Pennsylvania affirmed the Superior Court's order to the extent that it exonerated IBT, and reversed the order relieving Debtor 107 of liability. *See Gajkowski v. Intern. Broth. of Teamsters,* 515 Pa. 516, 530 A.2d 853 (1987).

On October 16, 1987, Debtor 107 filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court for the Eastern District of Pennsylvania. A Suggestion of Bankruptcy was also filed by Debtor 107 with the Prothonotary of the Pennsylvania Supreme Court.

After the denial of its application for reargument, Debtor 107 filed an "Application for Reconsideration *Nunc Pro Tunc* of the Denial of Local 107's Application for Reargument" in the Pennsylvania Supreme Court. Reargument was granted on November 18, 1987, and the matter listed for the April, 1988 session of Court in Philadelphia.

Debtor 107 then returned to the bankruptcy court and filed a motion for relief *nunc pro tunc* from the automatic stay provisions of 11 U.S.C. § 362(a) which were invoked simultaneously with the filing of Debtor 107's petition for bankruptcy under

---

**1.** The Teamsters Pension Trust Fund of Philadelphia & Vicinity and the Teamsters Health & Welfare Fund of Philadelphia & Vicinity (co-appellees, collectively referred to as "the Funds") actively participated in this litigation as creditors of Debtor 107. The Funds are independent Taft–Hartley Trust Funds administered by Trustees appointed in equal number by management and labor. *See* 29 U.S.C. § 186(c)(5). The Funds became involved in this litigation because the Gajkowski creditors disclosed intention to foreclose upon Debtor 107 threatens the Funds' participants and beneficiaries.

Debtor 107 and the Funds make consistent and complimentary arguments in their submissions to this court on the various issues. Hence, we will refer to arguments made by both appellees as arguments of Debtor 107.

Chapter 11.[2] On March 29, 1988, the bankruptcy court issued a ruling that Debtor 107 was relieved from the automatic stay prospectively in order for it to petition the Pennsylvania Supreme Court for reargument. However, the court determined that Debtor 107's prior application for reconsideration was filed in violation of § 362(a), and it therefore refused to countenance those actions of Debtor 107 which occurred prior to the entry of this order.[3] Accordingly, Debtor 107 filed an amended application for reconsideration *nunc pro tunc*, which the Pennsylvania Supreme Court granted on April 7, 1988.

Also on April 7, 1988, Debtor 107 filed a timely appeal to the district court from that portion of the bankruptcy court's order granting the Gajkowski creditors relief from the automatic stay. On April 21, 1988, the Gajkowski creditors filed a notice of cross-appeal from the entire March 29th order.

While these appeals were pending, the Pennsylvania Supreme Court reversed its prior decision and affirmed the decision of the Pennsylvania Superior Court in all respects, thus relieving Debtor 107 of liability for the personal injuries of the Gajkowski creditors. *See Gajkowski v. Intern. Broth. of Teamsters*, 519 Pa. 320, 548 A.2d 533 (1988). The Gajkowski creditors were denied reargument in the Pennsylvania Supreme Court. They then filed a Petition for Writ of Certiorari in the United States Supreme Court which was denied on April 17, 1989.

Meanwhile, by order dated April 7, 1989, 98 B.R. 698, the district court affirmed the bankruptcy court's decision to lift the automatic stay. This appeal followed.[4] Since the district court sat as an appellate court in its review of the bankruptcy court proceedings, 28 U.S.C. § 158(a), our review of the district court's decision is plenary. *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101 (3d Cir.1981). We have jurisdiction on appeal pursuant to 28 U.S.C. § 1291.

II.

The Gajkowski creditors contend that the bankruptcy court was obligated, under both 28 U.S.C. § 1738 (1982) and the Pennsylvania rules of *res judicata*, to give preclusive effect to the first judgment of the Pennsylvania Supreme Court which imposed liability on Debtor 107 for the personal injuries they sustained as a result of the strike incident.[5] Debtor 107 counters with the position that it was necessary for the Gajkowski creditors to have secured a stay of the bankruptcy order in order to preserve their position on appeal. We need not consider the propriety of the bankrupt-

---

**2.** The automatic stay provisions of § 362(a) provide in relevant part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

**3.** Additionally, the bankruptcy court granted the Gajkowski creditors relief from the automatic stay so as to allow them to execute upon their judgment, but only if the Pennsylvania Supreme Court had not already imposed any stay of execution pending appeal and Debtor 107 had not posted a supersedeas bond pursuant to Pa.R. App.P. 1731(a).

**4.** The Gajkowski creditors appeal from the district court's order as it was entered in both Debtor 107's appeal and their own cross-appeal. For purposes of briefing and disposition, both of the Gajkowski appeals have been consolidated.

We note also that the Gajkowski creditors' amended notice of appeal was filed within the time limits set forth in Fed.R.App.P. 4 and properly identified all of the parties seeking review. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988).

**5.** Initially, we note that the Gajkowski creditors did not raise their "full faith and credit" argument in the district court. In light of our holding that the issue is moot, it is unnecessary for us to decide whether the issue has been waived. *See Selected Risks Insurance Co. v. Bruno*, 718 F.2d 67, 69 (3d Cir.1983) (absent exceptional circumstances, federal appellate courts generally decline to consider issues not passed upon in the district court).

cy court's order lifting the automatic stay because we find that the subsequent decision of the Pennsylvania Supreme Court reversing its first judgment mooted the Gajkowski creditors' cross-appeal.

### A.

■ The Bankruptcy Code does not specifically require a party aggrieved by an order granting relief from an automatic stay to seek a stay pending appeal. Indeed, there are only two statutory provisions in the Bankruptcy Code where a stay is specifically required to preserve a position pending appeal: (1) 11 U.S.C. § 363(m) provides that the validity of a sale or lease of property of the estate to a good faith purchaser or lessor will not be affected by a reversal or modification on appeal of a bankruptcy court's authorization of such sale or lease, unless such sale or lease were stayed pending appeal; and (2) 11 U.S.C. § 364(e) provides that the validity of any debt or lien granted to a good faith creditor will not be affected by the reversal or modification on appeal of the bankruptcy court's authorizing the trustee to obtain such credit, incur such debt, or grant such priority or lien, unless a stay was obtained pending appeal. When pressed with Debtor 107's contention that the Gajkowski creditors' cross-appeal had become moot, the district court reasoned that because the instant circumstances did not fall into either of the above categories an additional requirement for obtaining a stay should not be implied. We do not find the absence of a particular provision to mean that it was unnecessary for the Gajkowski creditors to have secured a stay. On the contrary, we conclude that clear authority exists to support the argument that it was imperative that the state proceedings be stayed in order to preserve the status quo on their federal appeal.

We have recognized, in the context of bankruptcy proceedings, that "[g]enerally, an appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief." *In re Cantwell,* 639 F.2d 1050, 1053 (3d Cir.

1981); *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F.2d 143, 150 n. 6 (3d Cir. 1986). In *In re Cantwell,* the creditors appealed from an order of the district court dissolving a stay of discharge. While the appeal was pending, the bankruptcy court granted the debtor's discharge in bankruptcy. We dismissed the appeal as moot, even though a stay of an order dissolving a stay of discharge is not specifically prescribed under the Bankruptcy Code.

There are decisions in other circuits in which events not identified as requiring a stay in the Bankruptcy Code occurred while the automatic stay had been lifted thereby rendering the pending appeal moot. For example, in *Central States, etc. v. Central Transport, Inc.,* 841 F.2d 92, 96 (4th Cir.1988), the court denied relief on appeal from the confirmation of a reorganization plan where implementation of the plan "created, extinguished or modified rights ... to such an extent that effective judicial relief is no longer practically available." Also, in *In re Roberts Farms,* 652 F.2d 793 (9th Cir.1981), the court held that appeals from three orders of the bankruptcy court in a Chapter 11 case were subject to dismissal for mootness. Discussing the "stay pending appeal" requirements in the context of equitable considerations, the Ninth Circuit held:

> [I]t is obligatory upon appellant ... to pursue with diligence all available remedies to obtain a stay of execution of the objectionable order (even to the extent of applying to the Circuit Justice for relief [U.S.Sup.Ct.Rule 44, 28 U.S.C.A.]), if the failure to do so creates a situation rendering it inequitable to reverse the orders appealed from.

*In re Roberts Farms, Inc.,* 652 F.2d at 798.

Fed.Bankr.R. 8005, governing motions for a stay of an order of the bankruptcy court, is in part an adaption of Fed.R. App.P. 8(a). *See* Fed.Bankr.R. 8005 advisory committee's note. Thus, the necessity of a stay under Rule 8005 has been analogized to the rationale of Rule 8(a):

> Although as a general rule a party need not seek a stay of a lower court's judgment in order to protect its right to appeal, the "consequence of failing to ob-

tain a stay is that the prevailing party may treat the judgment of the [lower] court as final [notwithstanding that an appeal is pending.]." 9 J. Moore, *Federal Practice* ¶ 208.03, at 8–9 (2d ed.1979). Thus, in the absence of a stay, action of a character which cannot be reversed by the court of appeals may be taken in reliance on the lower court's decree. As a result, the court of appeals may become powerless to grant the relief requested by the appellant. Under such circumstances the appeal will be dismissed as moot. *Moore, id.*, at 8–10. *In re Kahihikolo*, 807 F.2d at 1542, *quoting American Grain Ass'n v. Lee–Vac, Ltd.*, 630 F.2d 245, 247 (5th Cir.1980).[6]

■ We believe these authorities clearly illustrate that, in addition to those situations covered under 11 U.S.C. § 363(m) and § 364(e), a myriad of circumstances can occur that would necessitate the grant of a stay pending appeal in order to preserve a party's position. We believe that in this instance, the order of the Pennsylvania Supreme Court, entered while the Gajkowski creditors' cross-appeal was still pending, prevented the district court from granting any effective relief. Thus, this is a case that required such a stay.

### B.

Once relief from the automatic stay was obtained by Debtor 107, the Pennsylvania Supreme Court was free to proceed consistent with the statutory framework of the bankruptcy law. *See, e.g. In re D. H. Overmyer Telecasting Co.*, 53 B.R. 963, 982 (N.D.Ohio 1984), *aff'd without op.*, 787 F.2d 589, 787 F.2d 590 (6th Cir.1986). In particular, the Pennsylvania Supreme Court had jurisdiction to enter judgment after the bankruptcy court entered its order granting relief from the automatic stay. *See Mission Indians v. American Management & Amusement*, 840 F.2d 1394, 1399 (9th Cir.1987). Accordingly, we are presented with the question of whether the district court had the authority to void, *ab initio*, the decision of the Supreme Court of Pennsylvania by reversing the decision of the bankruptcy court to lift the automatic stay.[7]

■ Because the "judicial proceedings [of any court of any state] shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such state ... from which they are taken" under 28 U.S.C. § 1738, we conclude that the validly entered judgment of the Pennsylvania Supreme Court is conclusive upon the parties in the matter of state law and must also be conclusive in relation to these federal proceedings. *See, e.g., Mills v. Duryee*, 11 U.S. (7 Cranch) 481, 3 L.Ed. 411 (1813)

---

**6.** Thorough delineation of the proper procedures which were relevant to this instant appeal is provided by the Eleventh Circuit in *In re Kahihikolo:*

> The bankruptcy rules contain several provisions relating to the stay of a judgment pending appeal to a higher tribunal. In an adversary proceeding where the bankruptcy court grants relief from an automatic stay under 11 U.S.C. § 362, Fed.Bankr.R. 7062 makes applicable the rules and consequences contained in Fed.R.Civ.P. 62(c) and (d) regarding orders and actions for injunctions. Subsection (c) allows the court in its discretion to "suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Subsection (d) allows the appellant to obtain a stay pending appeal by giving a supersedeas bond. Fed.Bankr.R. 8005 provides that notwithstanding Rule 7062, the bankruptcy court

> "may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Although the rule states that a motion for relief pending appeal ordinarily must be made in the first instance in the bankruptcy court, Rule 8005 allows for such a motion to be made to the district court upon a showing of why the relief was not obtained from the bankruptcy court. Finally, Fed.Bankr.R. 8017(b) allows a party to move the district court to stay its judgment pending an appeal to the Court of Appeals.

*In re Kahihikolo*, 807 F.2d 1540, 1541–42 (11th Cir.1987).

**7.** In fact, the Gajkowski creditors specifically request this court to reverse the order of the district court and to find that "all state court proceedings subsequent to the erroneous lifting of the stay are void." (Appellant's Reply Brief at 20).

(discussing the conclusiveness of state court judgments in relation to federal proceedings under the federal statute enacted in 1790, existing today in substantially the same form at 28 U.S.C. § 1738). To hold otherwise would allow the district court to nullify retroactively a validly entered state court judgment, thereby emasculating the fundamental doctrines of federalism and comity.

■ Moreover, a valid state court judgment cannot be enjoined or otherwise upset by a federal court on grounds that would not be available in the state court. *See* 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4469, at 668 (1981), *citing American Sur. Co. v. Baldwin*, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1932) (dismissing a federal action to enjoin enforcement of the state judgment on combined grounds of claim preclusion and full faith and credit). Because the issue of the bankruptcy court's alleged abuse of discretion could not be reviewed by the state court, and because a pending federal appeal on that issue could not interfere with the state court's jurisdiction of its own proceedings, the validly entered state court judgment cannot now be enjoined or otherwise upset by a federal court. "The full faith and credit clause, together with the legislation pursuant thereto, applies to judicial proceedings of a state court drawn in question in an independent proceeding in the federal courts." *American Sur. Co. v. Baldwin*, 287 U.S. at 166, 53 S.Ct. at 101.

■ Therefore, we find that the final state court decision was rendered well within the statutory framework of the Bankruptcy Code, was conclusive in relation to these federal bankruptcy proceedings, and should have been afforded full faith and credit.[8] Under such circumstances, the district court was unable to provide the Gajkowski creditors any effective judicial relief. "Federal courts, having jurisdiction only to decide actual cases and controversies are 'without the power to decide questions that cannot effect the rights of litigants in the case before them.'" *Ortho Pharmaceutical Corporation v. Amgen, Inc.*, 882 F.2d 806, 810 (3d Cir.1989). Accordingly, the appeal should have been dismissed as moot.

### III.

■ We will remand the case in accordance with *Great Western Sugar Co. v. Nelson*, 442 U.S. 92, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979) and *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), and direct the district court to vacate its judgment and dismiss the matter as moot.[9]

---

**8.** We note, however, that if the state court had proceeded without the consent of the bankruptcy court, such proceedings would have been in excess of the state court's authority and subject to collateral attack. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940). Conversely, "[i]t is generally true that a judgment by a court of competent jurisdiction bears a presumption of regularity and is not thereafter subject to collateral attack." *Kalb*, 308 U.S. at 438, 60 S.Ct. at 345.

**9.** Debtor 107 also argues that both the district court and this court lack subject matter jurisdiction because of (1) the rule announced in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), affirmed in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and better known as the "Rooker–Feldman" doctrine; and (2) the abstention principles enunci-

ated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We need not reach the merits of these contentions because of our determination that the appeal is moot. However, it appears that the "Rooker–Feldman" doctrine does not preclude a collateral attack of state court proceedings or judgments in the context of an appeal involving an exclusive federal question and, thus, does not apply here. Also, the Pennsylvania Supreme Court's grant of reargument was rendered in violation of the automatic stay because, once the petition for bankruptcy was duly filed, the state court was deprived of the power and jurisdiction to continue with the appellate proceedings. Therefore, *Younger* abstention principles are inapplicable because there was no valid ongoing state judicial proceeding at the time the bankruptcy court was asked to lift the automatic stay.