In re BIG & TALL OF AMERICA, INC., Big & Tall Shoppes of America, Inc., Debtors.

BIG & TALL OF AMERICA, INC., Big & Tall Shoppes of America, Inc., Appellants,

v.

DEN NORSKE BANK A/S, Appellee.

Civ. A. Nos. 92–CV–11470–PBS, 92–CV–11471–PBS.

Bankruptcy No. 92–13618–JNG.

United States District Court, D. Massachusetts.

April 29, 1994.

Victor Bass, Friedman & Atherton, Allen C.B. Horsley, LeBoeuf, Lamb, Leiby & Mac-Rae, Boston, MA, for debtors/appellants.

Michael J. Gartland, Hale & Dorr, Boston, MA, for appellee.

## MEMORANDUM OF DECISION AND ORDER ON APPELLANTS' MOTION TO DISMISS APPEAL AS MOOT

SARIS, District Judge.

On April 9, 1992, Big & Tall of America, Inc. ("Big") and its wholly owned subsidiary, Big & Tall Shoppes of America, Inc. ("Shoppes"),[1] filed voluntary petitions for relief under 11 U.S.C. §§ 101 *et seq.* in the bankruptcy court. Den Norske Bank A/S (the "Bank"), which had issued letters of credit to help secure Big's debt financing, moved to dismiss the petitions. The bankruptcy judge held a hearing and at its conclusion dictated findings of fact and conclusions of law before ordering the petitions dismissed.[2] The debtors appealed from that decision, and the appeals were consolidated. Before submitting briefs, pursuant to Bankruptcy Rule 8011, debtors and the Arab International Group, Inc. ("AIG"),[3] which at the time the petitions were filed owned all of the outstanding shares of Big, filed a motion to dismiss the·appeal as moot but requested this court to vacate the order and findings of the bankruptcy court. The Bank agrees that the appeal is moot but opposes the request to

---

1. Big and Shoppes are collectively referred to herein as the "debtors."

2. In its brief the appellee mentions an April 22, 1992, written order that memorialized those findings; however, neither party designated that document as part of the record on appeal.

3. These three entities are collectively referred to herein as the "appellants."

vacate. After hearing, the court **ALLOWS** the motion to dismiss, and **DENIES** appellants' request to vacate the bankruptcy court's order.

### BACKGROUND

In September of 1991 ContiTrade Services Corporation ("CT") infused Big with approximately thirteen million dollars of capital in exchange for a series of secured notes, which would become due in 1999. As security for that debt, CT received, among other rights: 1) a pledge from Big for all of Shoppes's capital stock; 2) a pledge from AIG for all of Big's shares; and 3) a guarantee from Shoppes which, in turn, was secured by all of Shoppes's assets and two Letters of Credit ("LC") from the Bank. An intercreditor agreement between CT and the Bank provided that, in the event that CT drew on the LC's, the Bank would, among other things, stand in CT's shoes under the stock-pledge agreements.

The central question before the bankruptcy court was whether the debtors' directors had obtained the proper corporate authority to file the chapter 11 petitions. Prior to the filing, the debtors had the three same directors: Basem Zakariya, the president of AIG, Robert L. Thompson, and Kevin R. Regan. On April 6, 1992, AIG purportedly exercised its voting rights of the Big shares and replaced Thompson and Regan with two Zakariya family members. The three Zakariyas, in turn, promptly ousted Thompson and Regan from the Shoppes seats, installing themselves in the vacancies. The newly elected "boards" then passed respective resolutions ostensibly placing both Big and Shoppes under the bankruptcy court's protection. The Bank's motion there challenged the ousters and the bankruptcy filings on the ground that it had succeeded to the voting rights of both the Big and the Shoppes shares prior to AIG's unauthorized, unilateral action, which rendered the filing a nullity.

After a hearing the bankruptcy judge found: 1) on April 2, 1992, CT made a legitimate demand under the LC's for the entire amount due on Big's notes, which the Bank satisfied; 2) on April 3, 1992, the Bank made a demand on Shoppes for reimbursement of that payout-draw, which constituted a default under the notes; and 3) such default caused the voting rights of both Big and Shoppes to vest in the Bank. The bankruptcy court concluded that the removal of Thompson and Regan on April 6 was improper and ordered the petitions dismissed. Debtors appealed.

During the pendency of this appeal, the Bank foreclosed on the shares of both Big and Shoppes and sold the stock to a third-party not involved in this litigation.

### ANALYSIS

■ The parties agree that this appeal became moot when the stock was sold to good faith buyers.[4] As appellants stated, "simply vacating the order of April 15, 1992, in the context of the then pending bankruptcy cases would merely have the effect of reinstating these bankruptcy cases, a result which neither the appellees nor the current stockholder of Big & Tall (presumably) wants and in which AIG no longer has sufficient interest to warrant pursuing." An appeal becomes moot when intervening circumstances arising during the appeal's pendency render a court unable to afford any effective relief. *See Rochman v. Northeast Utils. Serv. Group (In re Public Serv. Co. of N.H.)*, 963 F.2d 469, 471 & nn. 4, 5, 476 n. 19 (1st Cir.) ("Mootness in bankruptcy appellate proceedings, as elsewhere, is premised on jurisdictional and equitable concerns stemming from the impracticability of fashioning fair and effective judicial relief."), *cert. denied*, — U.S. —, 113 S.Ct. 304, 121 L.Ed.2d 226 (1992); *Fink v. Continental Foundry & Mach. Co.*, 240 F.2d 369, 373–74 (7th Cir.) (appeal dismissed as moot when minority shareholders failed to seek stay pending appeal from denial of action attempting to enjoin sale of corporation even though appellants knew that corporation was contractually obligated to sell its assets to a third party), *cert. denied*, 354 U.S. 938, 77 S.Ct. 1401, 1 L.Ed.2d 1538 (1957), *cited with*

---

4. Initially the Bank contested the mootness of the appeal but abandoned this position at the hearing on the motion to dismiss.

*approval in Duncan v. Farm Credit Bank of St. Louis,* 940 F.2d 1099, 1103–04 (7th Cir. 1991); *see also Anheuser–Busch, Inc. v. Miller (In re Stadium Management Corp.),* 895 F.2d 845, 847–49 (1st Cir.1990) (appeal from an order allowing trustee to sell debtor's property under § 363 of the Bankruptcy Code is moot in the absence of a stay in order to protect good faith purchasers and thereby increase value of estate); *cf. McLane v. Mercedes–Benz of N. Am.,* 3 F.3d 522, 524–25 n. 6 (1st Cir.1993) (appeal from the denial of a motion for a preliminary injunction is rendered moot when the act sought to be enjoined occurs prior to appellate review and in the absence of a stay).

The only dispute between the parties is whether, under *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950) (*"Munsingwear"*), the court is required to vacate the bankruptcy court's order dismissing the chapter 11 petitions. In *Munsingwear,* after the district court dismissed a claim alleging price-fixing, the commodity involved was decontrolled during the pendency of the appeal, thereby mooting the necessity for appellate review. The Court, 340 U.S. at 39–40, 71 S.Ct. at 106–107, then set out its procedure for dealing with moot appeals.

> The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.... That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all the parties are preserved....

The Court warned, however, that a lower court judgment would not be vacated where the losing party, "having slept on its rights," asks the court "to do what by orderly procedure it could have done for itself." *Id.* at 41, 71 S.Ct. at 107.

■ The *Munsingwear* practice is applicable to appeals from the bankruptcy courts. *See New Mexico Env't Dep't v. Foulston (In re L.F. Jennings Oil Co.),* 4 F.3d 887, 890–91 (10th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1372, 128 L.Ed.2d 48 (1994); *Barber v. State Farm Mut. Auto. Ins. Co. (In re Smith),* 964 F.2d 636, 637–38 (7th Cir.1992); *In re Highway Truck Drivers Local Union # 107,* 888 F.2d 293, 299 (3rd Cir.1989).

■ The Bank argues, however, that the findings must stand because it was the appellants' neglect, not "happenstance," that rendered this appeal moot. This court is not bound to follow the *Munsingwear* vacatur procedure when "review is prevented ... by the deliberate action of the losing party before the [Bankruptcy] [c]ourt." *United States v. Garde,* 848 F.2d 1307, 1310 (D.C.Cir.1988) (quoting *Center for Science in the Pub. Interest v. Regan,* 727 F.2d 1161, 1165 (D.C.Cir.1984)). "Rather, the prevailing party, ... ought to be left in the same position as if no appeal had been taken." *Id.* at 1310; *see also Rhode Island Hosp. Trust Nat'l Bank v. Bogosian (In re Belmont Realty Corp.),* 11 F.3d 1092, 1099 (1st Cir.1993) ("Under *Munsingwear,* [debtors] must share the responsibility for seeing to it that lower court judgments do not prejudice them later."); *In re L.F. Jennings Oil Co.,* 4 F.3d at 890–91 (environmental agency's appeal challenging order allowing abandonment of properties was moot when agency failed to seek stay and properties were sold to third-party; court merely dismissed appeal and did not vacate orders allowing sale).

Although the appellants here received notice of the foreclosure, they neither sought a stay of the dismissal nor moved to enjoin the later sale. *Compare Club Candlewood Assocs. v. Home Fed. Savs. & Loan Ass'n (In re Club Candlewood Assocs.),* 106 B.R. 758, 758 (N.D.Ga.1989) (appeal from bankruptcy dismissal moot when debtor's property was foreclosed upon and debtor did not get a stay pending appeal) *with Northwest Place, Ltd. v. Cooper (In re N.W. Place, Ltd.),* 108 B.R. 809, 812–13 (N.D.Ga.1988) (appeal not moot when bankruptcy court places restrictions on the sale of the property in order to preserve the appeal). *See generally In re Highway Truck Drivers Local Union # 107,* 888 F.2d at 297–98.

Only two Bankruptcy Code provisions specifically require a party to obtain a stay pending appeal in order to preserve its position: 11 U.S.C. § 363(m) (order allowing sale or lease of estate property to good faith purchaser or lessor); and 11 U.S.C. § 364(e) (order allowing grant of debt or lien to good faith creditor). *See id.* at 297. But courts have also recognized that the "considerations underlying the mootness doctrine ... pervade the Bankruptcy Code," *In re Public Serv. Co. of N.H.,* 963 F.2d at 472, and that "a myriad of circumstances can occur that would necessitate the grant of a stay pending appeal [under the code] to preserve a party's position." *In re Highway Truck Drivers, supra* at 298.

Because appellants failed to preserve the status quo, "the [bankruptcy] court's determinations ought to have the same conclusive effects that they would have if the appellant had not appealed at all." 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.416[6], at III–345 (2d ed. 1993); *cf. Karcher v. May,* 484 U.S. 72, 83, 108 S.Ct. 388, 391, 98 L.Ed.2d 327 (1987) (*Munsingwear* procedure was inapplicable to case in which the controversy ended when the losing party declined to pursue appeal).

### ORDER

The appeal from the bankruptcy court is hereby **DISMISSED** as moot. The motion for a vacatur of the bankruptcy court's order and findings is **DENIED**.