108 F.3d 329
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Chaim TORNHEIM & Chaya Tornheim, Respondents-Appellants,
v.
SOURCE ONE MORTGAGE SERVICES CORPORATION, Movant-Appellee.
 No. 96-5081.
 United States Court of Appeals, Second Circuit.
 Feb. 20, 1997.
 
 1
 Counsel for Appellants: CHAIM TORNHEIM & CHAYA TORNHEIM, pro se, New York, N.Y.
 
 
 2
 Counsel for Appellees:KENTON W. HAMBRICK, Senior Counsel, Federal Home Loan Mortgage Corp., McLean, VA; EDWARD A. WEINER, Druckman, Raphan & Sinel, New York, N.Y.
 
 
 3
 Present: McLAUGHLIN, CALABRESI, LAY,* Circuit Judges.
 
 ORDER
 
 4
 Chaim and Chaya Tornheim appeal from an April 8, 1996, order of the United States District Court for the Southern District of New York (Schwartz, J.), which affirmed an order of the United States Bankruptcy Court for the Southern District of New York (Bernstein, J.) that had lifted an automatic stay to allow the servicing agent, Source One Mortgage Services Corporation ("Source One"), of the Federal Home Loan Mortgage Corporation, to resume prosecution of a foreclosure action against the Tornheims' property in Brooklyn, New York.
 
 
 5
 In January 1994, the Tornheims, who faced a foreclosure action on their home commenced by Source One, filed a petition for relief under Chapter 11 of the Bankruptcy Code. Under 11 U.S.C. § 362(a), a bankruptcy petitioner is entitled to an automatic stay of actions that seek to recover claims that arose before the filing of the Chapter 11 petition. The foreclosure action was accordingly stayed. In April 1994, Source One moved to lift the stay pursuant to 11 U.S.C. § 362(d)(1), which allows a party in interest to lift the automatic stay if certain conditions are met. Two months later, after a hearing, the bankruptcy court granted Source One's motion. The district court affirmed that order in March 1996.
 
 
 6
 The Tornheims now appeal, challenging the district court's and the bankruptcy court's conclusions of law and fact. We do not, however, reach the merits of the Tornheims' appeal. The Tornheims did not obtain a stay of the district court's order pending the appeal. Source One was therefore free to foreclose on the property and sell it to a third party, which it in fact did. When the appellant has failed to obtain a stay pending appeal, the foreclosure and resale of the property renders moot any appeal from an order lifting an automatic stay issued under 11 U.S.C. § 362(d). See In re March, 988 F.2d 498, 499 (4th Cir.1993); In re Lashley, 825 F.2d 362, 364 (11th Cir.1987) (per curiam) ("When a debtor does not obtain a stay pending appeal of a bankruptcy court or district court order setting aside an automatic stay and allowing a creditor to foreclose on property the subsequent foreclosure renders moot any appeal."); see also In re Sullivan Central Plaza, I, Ltd., 914 F.2d 731, 733 (5th Cir.1990) ("If the debtor fails to obtain a stay, and if the property is sold in the interim, the district court will ordinarily be unable to grant any relief. Accordingly, the appeal will be moot."); In re Onouli-Kona Land Co., 846 F.2d 1170, 1171 (9th Cir.1988). Since the appeal is moot, we must dismiss it for lack of jurisdiction.
 
 
 
 *
 The Honorable Donald P. Lay, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation