MEMORANDUM *
The bankruptcy court did not err in refusing to permit Shiflett-Kann to attack collaterally the November 1998 state court order dismissing her action as barred under the five-year rule of Cal.Code Civ. Proc. §§ 583.310 & 583.360 (Deering 1999). The state court’s decision was neither a modification nor a violation of the automatic stay, see Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1084 (9th Cir.2000), and the state court decision in no way implicated the core administrative functions or integrity of the uniform federal bankruptcy system, see id. at 1083-84. Rather, the bankruptcy court affirmatively authorized the state court action by lifting the automatic stay. See McGhan v. Rutz (In re McGhan), 288 F.3d 1172, 1179 n. 8 (9th Cir.2002); Gruntz, 202 F.3d at 1084. In such circumstances, “a valid state court judgment cannot be enjoined or otherwise upset by a federal court on grounds that would not be available in the state court,” In re Highway Truck Drivers & Helpers Local Union #107, 888 F.2d 293, 299 (3rd Cir.1989); see also 28 U.S.C. § 1738, and Shiflett-Kann neglected to pursue timely relief in the state appellate courts, which stood ready to correct any error.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.