[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11847
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cv-00069-AKK,
BKCY. No 2:12-bk-03383-TBB7

In re:

     GERALD JAMES WARE,

                                                          Debtor.

_____

GERALD JAMES WARE,

                                                   Plaintiff-Appellant,

                        versus

DEUTSCHE BANK,

                                                 Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 4, 2014)

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.


PER CURIAM:


Gerald James Ware, a Chapter 7 bankruptcy debtor proceeding *pro se*, appeals from the district court's dismissal of his appeal of the bankruptcy court's grant of relief from the automatic stay to Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation 2006-OPT2 Mortgage Pass-Through Certificates, Series 2006-Opt2 ("Deutsche Bank").  The dismissal was based on mootness.  The bankruptcy court's order allowed Deutsche Bank to continue ejectment proceedings against Ware and to evict him from the house (the "Property") previously owned by Ware and his wife, Monica S. Ware ("Monica"): Deutsche Bank had obtained the house at a pre-petition, non-judicial foreclosure sale.  We affirm the dismissal.

Ware and Monica (collectively, "the Wares") litigated the foreclosure in state court before Ware filed his bankruptcy petition.  A default judgment was entered against Ware, and the state court later denied his motion for post-judgment relief, whereas Monica litigated and appealed the ejectment action.  In her appeal in the Alabama Supreme Court, Monica contended, among other things, that the foreclosure sale was deficient due to a discrepancy between the published notice of

2

foreclosure and the foreclosure deed.  *See Ware v. Deutsche Bank Nat'l Trust Co.*, 75 So.3d 1163, 1170-71 (Ala. 2011).  The Alabama Supreme Court declined to address that issue, however, because Monica had raised it for the first time on appeal and had conceded in the trial court that there was no dispute about the record owner of the mortgage at the time of the foreclosure sale.  *See id.* at 1171.

In its motion for relief from the automatic stay in Ware's bankruptcy case, Deutsche Bank requested to be relieved of the 14-day waiting period that the Federal Rules of Bankruptcy Procedure normally require before a creditor may act on a judgment granting relief from the automatic stay.  On September 17, 2012, the bankruptcy court issued a written order granting-- without qualification -- Deutsche Bank's motion for relief from the stay.  On October 1, 2012, Ware filed a timely motion to alter or amend the judgment and an emergency motion for a temporary restraining order ("TRO") to prevent Deutsche Bank from continuing the ejectment process.  On October 22, 2012, the bankruptcy court denied Ware's motion for a TRO and denied his motion to alter or amend the judgment.  On October 25, 2012, the Wares were evicted from the Property pursuant to a state court ejectment order.

Meanwhile, on October 22, 2012, Ware filed his notice of appeal of the bankruptcy court order granting relief from the stay.  The district court later dismissed Ware's bankruptcy appeal as moot because, under our case law, an

3

appeal from an order granting relief from the automatic stay becomes moot once the creditor acts upon the relief from stay judgment and forecloses upon the property at issue. *See Lashley v. First Nat'l Bank of Live Oak* (*In re Lashley*), 825 F.2d 362, 364 (11th Cir. 1987). The district court also determined, in the alternative, that, due to the Alabama Supreme Court's decision on the foreclosure and ejectment, Ware's bankruptcy appeal was barred by the *Rooker-Feldman* doctrine, which acts as a subject-matter-jurisdictional bar to prevent "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005).

On appeal here, Ware argues that the district court erred in dismissing his bankruptcy appeal. He contends that the state court foreclosure and ejectment judgments were invalid due to (1) the discrepancy in the foreclosure that Monica raised in state court, and (2) activities by Deutsche Bank that he claims were fraudulent. He also maintains that we, due to widespread deficiencies in home foreclosures, should re-examine our case law on mootness in appeals of orders granting relief from the automatic stay. In addition, Ware argues that Deutsche Bank ran afoul of (1) the Federal Rules of Bankruptcy Procedure by executing the

4

bankruptcy court's judgment granting relief from the stay (and ejecting him from the Property) before the required 14-day waiting period had run and afoul of (2) Monica's bankruptcy discharge order -- which she obtained in a separate, 2007 bankruptcy proceeding -- by ejecting the Wares from the Property.

As the second court of review of the bankruptcy court's judgment, we independently review the bankruptcy court's factual and legal conclusions, employing the same standards of review as the district court. *United States v. Mitchell* (*In re Mitchell*), 633 F.3d 1319, 1326 (11th Cir. 2011). We review the bankruptcy court's factual findings for clear error, and we review the legal conclusions of both the bankruptcy court and the district court *de novo*. *Rush v. JLJ, Inc.* (*In re JLJ, Inc.*), 988 F.2d 1112, 1116 (11th Cir. 1993). The decision to lift the automatic stay is within the bankruptcy court's discretion, and we will reverse only for an abuse of that discretion. *Barclays-Am./Bus. Credit Inc. v. Radio WBHP, Inc.* (*In re Dixie Broad., Inc.*), 871 F.2d 1023, 1026 (11th Cir. 1989).

When a debtor files a bankruptcy petition, an automatic stay applies to "the enforcement, against the debtor or against property of the estate, of a judgment obtained before" the bankruptcy petition was filed. 11 U.S.C. § 362(a)(2). Where the automatic stay applies, the bankruptcy court must grant relief from the stay for cause, upon request of a party in interest. *Id.* § 362(d)(1). The bankruptcy court

5

must also grant such relief where (1) the debtor has no equity in the property, and (2) the "property is not necessary to an effective reorganization." *Id.* § 362(d)(2). A Chapter 7 bankruptcy discharge frees a debtor from all debts that arose before the discharge was granted and operates as an injunction against any act to recover "debt as a personal liability of the debtor." *Id.* §§ 524(a)(2), 727(b).

Under our prior-panel-precedent rule, "the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001). Pleadings filed by a *pro se* litigant are construed liberally, but *pro se* litigants must nonetheless conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Unless the bankruptcy court orders otherwise, no action may be taken to execute or to enforce a judgment until 14 days after its entry. Fed.R.Bankr.P. 7062; *see also* Fed.R.Civ.P. 62(a). "An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed.R.Bankr.P. 4001(a)(3).

In *Lashley*, the bankruptcy court had entered an order dismissing the debtors' Chapter 13 case on September 22, 1986; and, in that order, the bankruptcy

6

court specifically dissolved the automatic stay. *See In re Lashley*, 825 F.2d at 363. One week later, the state court entered a final judgment of foreclosure and directed the clerk of court to conduct a foreclosure sale on October 22. *Id.* On October 1, the debtors appealed the dismissal of their bankruptcy case in the district court. *Id.* On October 21, the day before the foreclosure sale, they filed a motion in the bankruptcy court for a stay pending appeal, but did not request that their motion be considered an emergency matter to be decided on an expedited basis. *Id.* The foreclosure sale was conducted as planned on October 22. *Id.* More than a month after the sale, the bankruptcy court entered an order granting the debtors' motion for a stay pending appeal, ruling that its September 22 dismissal of the case would be stayed for 30 days. *Id.* In the district court, the debtors requested that the bankruptcy court's order be modified to reflect that the automatic stay apply retroactively. *Id.* The district court denied the request and dismissed their appeal because (1) the creditor had properly resumed foreclosure proceedings after the bankruptcy court's order of dismissal, and (2) the properly conducted foreclosure sale rendered the debtors' appeal moot. *Id.*

We affirmed the district court's dismissal. *Id.* We first explained that we were "unaware of any authority that grants the bankruptcy court power to retroactively *impose* a stay." *Id.* at 364 (emphasis in original). We further explained that "[w]hen a debtor does not obtain a stay pending appeal of a

7

bankruptcy court or district court order setting aside an automatic stay and allowing a creditor to foreclose on property the subsequent foreclosure renders moot any appeal." *Id.* "The same need to protect the integrity of the judicial sale process also indicates that a bankruptcy court should not be able to retroactively void a foreclosure sale so that a debtor can pursue an appeal." *Id.*

Ware's argument concerning the 14-day waiting period under Federal Rule of Bankruptcy Procedure 4001(a)(3) is unavailing because Deutsche Bank expressly requested to be relieved from the waiting period, in its motion for relief from the stay; and the bankruptcy court granted Deutsche Bank's motion, without qualification. Likewise, Ware's argument that Deutsche Bank ran afoul of Monica's bankruptcy discharge order is unpersuasive because he has not provided authority (or meaningful argument) for the proposition that (1) Deutsche Bank's ejectment actions pursuant to a foreclosure sale deemed valid in state court constituted an attempt to collect from Monica a personal debt that was discharged in her Chapter 7 case or (2) that Ware has standing to raise a claim on Monica's behalf in a separate bankruptcy case. *See* 11 U.S.C. § 524(a)(2).

The district court properly dismissed Ware's appeal as moot because he had already been ejected from the Property pursuant to a state court judgment and had not obtained a stay pending appeal. *See In re Lashley*, 825 F.2d at 364. Ware's request that we now re-examine our case law governing mootness under

8

circumstances such as these is foreclosed by our prior-panel-precedent rule.  *See Smith*, 236 F.3d at 1300 n.8.  As we affirm the district court's dismissal on the basis of mootness, we do not consider its alternative decision that Ware's appeal was barred by the *Rooker-Feldman* doctrine.

   **AFFIRMED.**

9