[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15628
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-61386-WPD

DON KOZICH,

Plaintiff-Appellant,

versus

ANN DEIBERT,
MICHAEL S. LONG, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 11, 2018)

Before MARTIN, PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Don Kozich appeals the district court's dismissal of his pro se civil action based on a lack of subject matter jurisdiction under the Rooker-Feldman[1] doctrine and Kozich's failure to state a claim. As discussed below, we need not address these issues because Kozich's claim is moot.

Plaintiff-Appellant Kozich formerly leased an apartment from Defendant-Appellee Reliance Progresso Associates, LTD. On December 22, 2014, Kozich received a notice of nonrenewal, informing him that Reliance would not renew his lease due to his failure to maintain his apartment in a sanitary condition and his failure to permit management to enter his unit. Kozich refused to vacate his apartment when his lease expired, and Reliance filed a state court action to evict Kozich. On April 20, 2015, the state court issued a final judgment and writ of possession in favor of Reliance. The parties dispute whether Kozich timely appealed this judgment in state court.

On July 2, 2015, Kozich brought this action against Reliance and ten other Defendants in federal court pursuant to the Low Income Housing Tax Credit ("LIHTC") Act, 26 U.S.C. § 42, et seq. and 42 U.S.C. § 1983. He claims that the notice of nonrenewal and state court eviction violate his rights under 26 U.S.C. § 42 and the First and Fourteenth Amendments. He seeks injunctive and declaratory relief. Following the district court's denial of Kozich's motion for a

---

[1] See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983).

temporary restraining order, Kozich was evicted from his apartment on July 23, 2015. On appeal, Appellees argue in part that this case is moot because Kozich has already vacated his apartment.

We may affirm a judgment based on any grounds supported by the record. Akanthos Capital Mgmt., LLC v. Atlanticus Holdings Corp., 734 F.3d 1269, 1271 (11th Cir. 2013) (per curiam). We address the question of mootness de novo. CAMP Legal Defense Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1268 (11th Cir. 2006). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Florida Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216-17 (11th Cir. 2000). In considering whether a case is moot, we "look at the events at the present time, not at the time the complaint was filed or when the federal order on review was issued." Dow Jones & Co. v. Kaye, 256 F.3d 1251, 1254 (11th Cir. 2001). "When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed." Fla. Ass'n of Rehab. Facilities, 225 F.3d at 1217.

An exception to the mootness doctrine arises when a claim is "capable of repetition yet, evading review." Arcia v. Sec'y of Fla., 772 F.3d 1335, 1343 (11th Cir. 2014). The exception applies where (1) the challenged action is too short in

duration to be fully litigated prior to its end, and (2) there is a reasonable expectation that the same party will be subject to the same action again. Id.

Kozich's claims for injunctive and declaratory relief from the eviction order are moot. The Court cannot grant Kozich meaningful relief from the judgment because it has already been enforced. See In re Ware, 562 F. App'x 850, 852–53 (11th Cir. 2014) (per curiam) (holding that the debtor's appeal of the bankruptcy court's order allowing a foreclosure sale was moot because the debtor did not obtain a stay of the order pending the appeal and therefore the foreclosure sale had already occurred). And there is nothing in the record to suggest that there is a reasonable expectation that Kozich will rent an apartment from Reliance and be subjected to a similar eviction proceeding in the future. Accordingly, we affirm the district court's dismissal of Kozich's claims. Because we determine that Kozich's claims are moot, we need not consider the district court's determinations that the Rooker-Feldman doctrine bars Kozich's claims and, alternatively, that Kozich fails to state a claim.[2]

**AFFIRMED.**

---

[2] Kozich also filed several motions asking this Court to take judicial notice of certain documents. Given that this case is moot, we deny all pending motions.