OPINION
MURNAGHAN, Circuit Judge:
Farmers Bank was a first priority lien-holder of two parcels of real estate in Virginia. Two junior, i.e., inferior, lienholders filed for bankruptcy, one in the Eastern District of Virginia, the other in the Southern District of New York. Because the owner of the real estate, Oceans Holding, Inc., did not meet its obligations under the *499 first priority liens (deeds of trust), Farmers Bank decided to foreclose on both parcels. To make sure that the automatic stays[1] under both bankruptcy proceedings would not be violated, Farmers Bank moved in the bankruptcy court for the Eastern District of Virginia for relief from the stays, alternatively requesting a determination that the stays did not apply to block foreclosure of the first priority lien interests. The debtor in the Virginia proceeding did not oppose Farmers Bank’s foreclosure. The Virginia bankruptcy court ruled that the stay in the Virginia proceeding did not extend to Farmers Bank’s intended foreclosure; however, with respect to the debt- or in New York, the bankruptcy court dismissed on lack of jurisdiction grounds questions relating to the New York bankruptcy proceeding.
On appeal by Farmers Bank from the Virginia bankruptcy court decision concerning the New York debtor, the district court in the Eastern District of Virginia determined that jurisdiction was present and that the stays did not reach the first priority lien interests claimed by Farmers Bank, at most extending to subordinate liens held by the bankruptcy debtor. 140 B.R. 387.
As opposed to seeking a stay from the district court in Virginia or the Fourth Circuit Court of Appeals pending his appeal to the latter court, David Kittay, the trustee of the New York bankruptcy debtor, sought in New York to enjoin Farmers Bank from proceeding with the foreclosure. The New York bankruptcy court granted a temporary restraining order and a show cause order why Farmers Bank should not be held in contempt in proceeding with the foreclosure. Subsequently, the Virginia district court, on Farmers Bank’s request, forbade further process in the New York case by Kittay or Farmers Bank. The foreclosure then was conducted by Farmers Bank, extinguishing the secondary liens held by the New York and Virginia debtors.
On appeal, Kittay challenges the Virginia district court’s holding that the automatic stay of § 362(a) does not prevent foreclosure by Farmers Bank, as the senior lienholder, on the property in which the New York debtor holds a junior lien interest. Kittay, however, failed to obtain a stay of the district court’s order pending appeal and thereby allowed Farmers Bank to foreclose on the property at issue before the present appeal was heard. Consequently, the foreclosure rendered moot any appeal on the applicability of the § 362(a) stay. See, e.g., In re Sullivan Central Plaza, I, Ltd., 914 F.2d 731, 733 (5th Cir.1990) (“If the debtor fails to obtain a stay, and if the property is sold in the interim, the district court will ordinarily be unable to grant any relief. Accordingly, the appeal will be moot.”); In re Lashley, 825 F.2d 362, 364 (11th Cir.1987) (“When a debtor does not obtain a stay pending appeal of a bankruptcy court order setting aside an automatic stay and allowing a creditor to foreclose on property the subsequent foreclosure renders moot any appeal,”), cert. denied, 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988).
The remaining issue raised by Kittay on appeal is whether the district court abused its discretion by enjoining further proceedings between Kittay and Farmers Bank in the New York bankruptcy court. After the Virginia district court ruled in an opinion and order that the automatic stay in the New York bankruptcy proceeding did not extend to Farmers Bank’s planned foreclosure, Kittay filed a complaint raising the same question in the New York bankruptcy court. He did so despite the fact that he had appeared before the Virginia district court and filed an appeal from its holding in the Fourth Circuit Court of Appeals. The New York bankruptcy court, in response to Kittay’s complaint and simultaneous request for a temporary restraining order, prohibited Farmers Bank, which never had appeared before it, from proceeding with the foreclosure sale that the Virginia district court previously had permitted.
Farmers Bank, wishing to complete its foreclosure on the Virginia real estate, filed a motion in the Virginia district court *500 to enjoin Kittay from proceeding with his complaint filed in New York and to enjoin both Kittay and itself from participating in any further proceedings regarding that case.
The Virginia district judge, following a hearing where both parties were represented by counsel, granted Farmers Bank’s requested injunction. In so doing, the district judge did not abuse her discretion, but rather acted within her authority under the All Writs Act, 28 U.S.C. § 1651(a), as well as, the Federal Rules of Civil Procedure, Rule 65.
The All Writs Act empowers a federal court to enjoin parties before it from attempting to relitigate decided issues and to prevent collateral attack of its judgments. See, e.g., Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523-24 (9th Cir.1983), cert. denied, 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984); In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig., 140 B.R. 969, 973-974 (N.D.Ill.1992); In re Ocean Ranger Sinking off Newfoundland, 617 F.Supp. 435, 436, 439 (E.D.La.1985). While.that power obviously is circumscribed,[2] its use was justified here for several reasons. First, the question raised by Kittay in the New York bankruptcy court was identical to that decided by the Virginia district court and appealed to the Fourth Circuit. Ergo, Kittay had sufficient opportunity to obtain relief if he believed the Virginia district court’s ruling was wrong.
In addition, Kittay, by not seeking a stay of the foreclosure in either the Virginia district court or the Fourth Circuit, failed to take advantage of the legal options available to him to protect, pending appeal, the New York debtor’s lien interests in the Virginia property. Instead, Kittay sought to circumvent the proceedings in this jurisdiction, where the realty subject to liens was located and to which he had subjected himself by appearing in the original matter and filing a subsequent appeal, by requesting relief from a lower court in "another jurisdiction. The district judge correctly characterized Kittay’s action as nothing more than an attempt to end run, at the last minute,[3] the district court’s judgment. In light of the foregoing, the district court prudently exercised her power to enjoin the bankruptcy court proceedings.
In conclusion, we are unable to address the issue of the scope of a § 362(a) stay because it has been mooted by the foreclosure of the property in question. Additionally, we hold that the district judge did not abuse her discretion by enjoining any further proceedings on that question in the New York bankruptcy court. Therefore, the district court is
AFFIRMED.

. See 11 U.S.C. § 362(a).

. See In re Baldwin-United Corp. Litigation, 765 F.2d 343, 347-349 (2d Cir.1985) (recognizing that such authority exists but ruling it was exercised inappropriately in the instant case).

. Kittay filed for a TRO in the New York bankruptcy court at 3 p.m. on June 25, 1992, almost one month after the Virginia district court's opinion and order, but less than four days prior to Farmers Bank's scheduled foreclosure sale.