**Peter Paul RILEY, Jane C. Riley, Plaintiffs,**

v.

**W.T. ROBEY, III, Substitute Trustee, Defendant.**

**No. CIV. A. 5:00CV00001.**

United States District Court, W.D. Virginia, Harrisonburg Division.

Nov. 28, 2000.

Paul D. Scanlon, Scanlon & Associates, PC, Manassas, VA, for plaintiffs.

Thomas L. Eckert, U.S. Attorney's Office, Roanoke, VA, for defendant.

*MEMORANDUM OPINION*

MICHAEL, District Judge.

Before the court are the defendant's Motion to Dismiss for Failure to State a Claim and the defendant's Motion for Summary Judgment, both dated January 21, 2000. By order dated February 3, 2000, the court referred the matter to United States Magistrate Judge B. Waugh Crigler for proposed findings of fact and a recommended disposition. *See* 28 U.S.C. § 636(b)(1)(B). The magistrate judge returned the Report and Recommendation on April 17, 2000, recommending dismissal of the entire case. Upon thorough review of the Report and Recommendation, the pleadings and the relevant memoranda of the parties, and the evidence submitted in conjunction therewith, and for the reasons stated below, the court shall grant the defendant's Motion for Summary Judgment.

I.

The parties have a long history of disputes over the plaintiff's debt to the government, which ultimately resulted in the December 2, 1999 foreclosure sale of the plaintiff's property. The plaintiff moves the court to set aside the foreclosure sale as null and void on any of three grounds, each of which allege that the defendant violated the Virginia Code in the process of foreclosing on the plaintiff's property. Although the plaintiff disputes some of the factual findings of the Report and Recommendation, such as the actual amount of the plaintiffs' debt, such facts are not material to the three grounds that the plaintiffs assert for relief; thus, the court does not rule on those facts herein. The facts that are material to the plaintiffs' claim for relief, such as the language on the face of the deeds of trust and the notice of sale, are not in dispute and shall be recounted herein as necessary to draw legal conclusions. Thus, without resolving the factual objections that the plaintiffs make with respect to the Report and Recommenda-tion, the court can adjudicate the plaintiffs' three grounds for relief on their merits.

In order to adjudicate this dispute, the court must look beyond the pleadings of the parties to other evidence submitted by the parties, specifically the court has considered deeds of trust, notice of sale, and evidence regarding the deposit from the bidder at auction. Accordingly, the defendant's Motion to Dismiss must be denied, and the court shall proceed on the defendant's Motion for Summary Judgment. *Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

II.

A.

■ In the plaintiffs' first claim for relief, the plaintiffs allege that the defendant violated Virginia Code, section 55–59(7), which requires the following:

> Every deed of trust to secure debts or indemnify securities is in the nature of a contract and shall be construed according to its terms to the extent not in conflict with the requirements of law. Unless otherwise provided therein, it shall be construed to impose and confer upon the parties thereto, and the beneficiaries thereunder, the following duties
>
> . . .
>
> (7) In the event of default in the payment of the debt secured . . . at the request of any beneficiary the trustee shall forthwith declare all debts and obligations secured by the deed of trust at once due · and payable and may take possession of the property and proceed to sell the same at auction . . .

The plaintiff alleges that, contrary to the requirements of § 55–59(7), the trustee failed to declare all debts and obligations secured by the deed of trust at once due and payable, thereby rendering the foreclosure sale null and void. The defendant disagrees, contending that the deed of trust provides for a different requirement, which trumps the requirements of 55–59. It is clear from the language of the statute

that, unless the deed of trust provides otherwise, the statute outlines the duties of the parties. Section (7) explains the method and steps necessary to permit the sale of the property at auction in the event of default in the payment of the secured debt. To determine whether the statute or the deed of trust governs, the court must determine whether the deed of trust provides the means to proceed to sale at auction in the event of default.

The deed of trust, paragraph 18 states: Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument ... the government, at its option, with or without notice may,: (a) declare the entire amount unpaid under the note and any indebtedness to the government hereby secured immediately due and payable ... and (d) authorize and request the Trustee to foreclose this instrument and sell the property as provided by law.

The issue for the court to determine is whether the language in the deed of trust stating that the government can declare, with or without notice, that the debt is immediately due and payable operates in conjunction with the § 55-59(7) duty of the trustee to declare the same, or whether the deed permits the government to make said declaration in lieu of the trustee. The plaintiff asserts that section (d) in the above-quoted paragraph from the deed of trust, authorizing the trustee to foreclose as provided by law, requires the trustee to comply with the declaration requirements of 55-59(7).

Section 55-59(7) essentially requires that, unless otherwise provided in the deed of trust, the trustee must declare the debt immediately payable prior to selling the property at auction. The deed of trust permits the government to declare the debt immediately payable prior to selling the property at auction. Thus, although the statute requires the trustee to make said declaration, the deed of trust provided otherwise. According to section 55-59,

when the deed of trust provides otherwise, the statutory requirements are inapplicable. Thus, the defendant did not violate Virginia Code section 55-59(7).

## B.

■ The plaintiffs' second claim for relief alleges that the defendant violated Virginia Code section 55-59.3 when he failed to list the street address of the property in the notice of sale. Section 55-59.3 states, in pertinent part,

The advertisement of sale under any deed of trust ... shall set forth a description of the property to be sold, which description need not be as extensive as that contained in the deed of trust, and shall identify the property by street address, if any, or, if none, shall give the general location of the property with reference to streets, routes, or known landmarks.

There is a dispute as to which of two notices of sale was actually published in this case. Both of the notices failed to list the street address of "1977 Salem Church Road, Boyce, Virginia 22620," but both notices contained the mailing address for the property, "Route 1, Box 36, Boyce, Virginia 22620." The Route 1 address is the only address listed in the actual deeds of trust for the property in question. Furthermore, one notice of sale contained a detailed legal description of the property, while the second notice contained a more general description of the property, supplemented with references to pertinent Deed Book and page numbers where more detailed descriptions could be found.

The Virginia Supreme Court recently held that, in meeting the requirements of section 55-59.3, "substantial compliance is sufficient so long as the rights of the parties are not affected in any material way." *Virginia Housing Development Authority v. Fox Run Ltd. Partnership*, 255 Va. 356, 497 S.E.2d 747, 754 (1998). In their brief in opposition to the defendant's motion for summary judgement, the plaintiffs rely on

the case of *Deep v. Rose,* 234 Va. 631, 364 S.E.2d 228 (1988) for the proposition that mandatory provisions of the Virginia Code must be followed. In *Deep v. Rose,* the Virginia Supreme Court explicitly limited its holding to the effect of Virginia Code section 55–59.2, whereas the section in dispute regarding publication of the street address is section 55–59.3. *See id.* at 232. Furthermore, in *Fox Run,* the Virginia Supreme Court made clear that the provisions of the statute at issue in this case, 55–59.3, require substantial compliance. *See Fox Run,* 497 S.E.2d at 754. In *Fox Run,* the court found that reference in the notice of sale to the deed of trust for a further description of the property for sale satisfied the notice requirements of section 55–59.3. Likewise, this court finds that the description of the property, combined with the same address as listed in the deed of trust and the reference to the Deed Book for further descriptions of the property at issue constitutes substantial compliance with the notice requirements of section 55–59 .3. Accordingly, although the plaintiff contends that two different notices of sale were filed in this case, the difference between these notices is not material because both are in substantial compliance with relevant statute, and the failure to list the actual street address did not affect the plaintiffs' rights in any material way.

### C.

The plaintiffs' third claim for relief alleges that the defendant failed to obtain a bidder's deposit of ten percent, thereby violating a provision in the notice of sale. The relevant provision states, "A bidder's deposit of ten percent (10%) of the sale price by cashier's check, certified check, postal money order or cash will be required." The plaintiffs argue that the announcement of the bid in the notice of sale required a ten percent deposit prior to receipt of a bid and chilled the public reception to the sale, and then the trustee ignored his own requirement by not collecting the deposit from the actual bidder until after the bid was received.

The plaintiffs are correct in asserting that Virginia Code section 55–59.4(A)(2) permits a trustee to "require of any bidder at any sale a cash deposit of as much as ten per centum of the sale price ... before his bid is received, which shall be refunded to the bidder unless the property is sold to him ...." However, contrary to the plaintiffs' assertions, the ten percent deposit is not required prior to the bidding on the property at auction, but after the sale price is determined. That the required deposit is ten percent *of the sale price* is explicit both in the notice of sale and the statute. Accordingly, the plaintiffs' argument that the defendant failed to follow the requirements of his own notice of sale by collecting the ten percent deposit after the sale price was established is without merit. The notice of sale did not specify that the ten percent would be required prior to the actual bidding. The notice simply stated that a deposit in the amount of ten percent of the sale price would be required, which it was. The plaintiffs' do not contest the fact that the trustee demanded and received a ten percent deposit in the form of a certified check from the successful bidder on the date of sale, December 2, 1999.

The court finds that no reasonable jury could interpret the defendant's notice of sale as requiring the deposit as a condition precedent of the sale. By collecting a deposit from the successful bidder in the amount of ten percent of the sale price, the defendant complied with the notice of sale.

### III.

For the foregoing reasons, the Report and Recommendation shall be adopted as to its reasoning on all three counts of the complaint, but rejected to the extent that it recommends granting the defendant's motion to dismiss. The court makes no ruling as to the recommended findings of fact in the Report and Recommendation to which the plaintiffs object, as they are not material to this decision. The defendant's

motion to dismiss is denied, and the defendant's motion for summary judgement shall be granted. An appropriate order shall this day enter.

### FINAL ORDER

Before the court are the defendant's Motion to Dismiss for Failure to State a Claim and the defendant's Motion for Summary Judgment, both dated January 21, 2000. By order dated February 3, 2000, the court referred the matter to United States Magistrate Judge B. Waugh Crigler for proposed findings of fact and a recommended disposition. *See* 28 U.S.C. § 636(b)(1)(B). The magistrate judge returned the Report and Recommendation on April 17, 2000, recommending dismissal of the entire case, and the plaintiffs filed timely objections thereto. Accordingly, the court has performed a *de novo* review of the issues. *See* 28 U.S.C. § 636(b)(1)(C). Having reviewed carefully the Report and Recommendation, the pleadings and the relevant memoranda of the parties, and the evidence submitted in conjunction therewith, the relevant case law, and for the reasons stated in the accompanying Memorandum Opinion, it is accordingly this day

### ADJUDGED ORDERED AND DECREED

as follows:

1. The April 17, 2000 Report and Recommendation of the Magistrate shall be, and hereby is ADOPTED, with the exceptions as set forth in the accompanying Memorandum Opinion.

2. The defendant's January 21, 2000 Motion to Dismiss for Failure to State a Claim shall be, and hereby is, DENIED.

3. The defendant's January 21, 2000 Motion for Summary Judgment shall be, and hereby is, GRANTED as to all three counts of the plaintiffs' complaint.

4. The above-captioned civil action shall be STRICKEN from the active docket of the court.

The Clerk of the Court hereby is directed to send a certified copy of this Order and the accompanying Memorandum Opinion to all counsel of record.