**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

PETER PAUL RILEY; JANE C. RILEY,
　　　　　　*Plaintiffs-Appellants,*

v.

W. T. ROBEY, III, Substitute
Trustee,
　　　　　　*Defendant-Appellee.*

No. 00-2590

In Re: PETER PAUL RILEY,
　　　　　　*Debtor.*

PETER PAUL RILEY,
　　　　　　*Plaintiff-Appellant.*

v.

U.S.A., on behalf of Farm Service
Agency,
　　　　　　*Defendant-Appellee,*

and

HELEN P. PARRISH, Trustee,
　　　　　　*Defendant.*

No. 01-1015

Appeals from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CA-00-1-5, CA-00-4-5, CA-00-5-5)

Argued: December 3, 2001

Decided: January 7, 2002

Before WILKINS, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Paul Dennis Scanlon, SCANLON & ASSOCIATES, P.C., Manassas, Virginia, for Appellants. Constance Ann Wynn, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. **ON BRIEF:** Robert D. McCallum, Jr., Assistant Attorney General, Robert P. Crouch, Jr., United States Attorney, Robert M. Loeb, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

This consolidated appeal arises from various challenges a farmer and his wife raised relating to a foreclosure sale at which property they owned was sold after they defaulted on loans they had received from the federal government. The farmer challenges the district court's dismissal of his appeal concerning the bankruptcy court's vacation of the automatic stay that went into effect when he filed for bankruptcy immediately prior to the scheduled foreclosure. The wife and farmer jointly challenge the district court's grant of summary judgment in a separate action they filed alleging that the trustee who conducted the foreclosure sale did so in violation of Virginia law. As to each appeal, we affirm on the reasoning of the district court.

## I.

Beginning in 1981, Peter Riley ("Mr. Riley") and Joan Riley ("Mrs. Riley") took out loans totaling $745,255.92 from what is now the Farm Service Agency of the United States Department of Agriculture (the "FSA"). These loans were secured by two deeds of trust recorded with the Circuit Court of Clarke County, Virginia. On March 22, 1999, after Mr. and Mrs. Riley (collectively, the "Rileys") defaulted on the loans, Mr. Riley filed a Chapter 12 bankruptcy petition. *See* 11 U.S.C.A. § 1201-31 (West 1993 & Supp. 2001). A foreclosure sale that had been scheduled for April 1, 1999 was stayed automatically upon the filing of the petition. *See* 11 U.S.C.A. § 362(a) (West 1993 & Supp. 2001).

On August 26, 1999, Mr. Riley voluntarily moved for dismissal of the petition on the ground that he was unable to submit a feasible reorganization plan. The United States (the "government"), acting through W.T. Robey, III, substitute trustee (the "trustee"), scheduled another foreclosure sale for December 2, 1999. On November 30, 1999, however, Mr. Riley filed a second Chapter 12 petition, listing the FSA as a creditor. The government thereupon filed an emergency motion for relief from the automatic stay, requesting that a hearing be convened on December 1, 1999.

Following the December 1 hearing, the bankruptcy court, Krumm, J., in two separate orders, vacated the automatic stay to permit the foreclosure sale to proceed and *sua sponte* dismissed as a bad faith filing Mr. Riley's Chapter 12 petition. Mr. Riley neglected to seek a stay of either order. On December 2, 1999, the trustee sold the subject property to the sole bidder, Frederick County, Virginia, for $1,230,000.

Mr. Riley appealed from both orders to the United States District Court for the Western District of Virginia, arguing inter alia that the bankruptcy court had improperly vacated the stay and that, even assuming the propriety of the vacation of the stay, the foreclosure sale was void because the order vacating the stay failed to take effect prior to the sale. The government, conceding that the order vacating the stay had not properly taken effect at the time of the foreclosure sale, nonetheless argued that the appeal was moot because Mr. Riley had

failed to obtain a stay of the orders prior to the consummation of the foreclosure sale.

On November 30, 2000, the district court, Michael, J., agreed with the government and held the appeals moot, reasoning that "where a bankruptcy foreclosure of the property in question has taken place, any appeal as to the propriety of the order permitting that foreclosure to proceed is rendered moot." (J.A. at 387.) Even if Mr. Riley could establish that both bankruptcy orders were in error, the court opined, it was "unaware of any relief that could be fashioned in bankruptcy," given that the property had been sold. *Id.* at 388.

On December 13, 1999, in a separate proceeding, the Rileys filed a complaint in the Circuit Court of Clarke County, alleging that the foreclosure sale should be set aside because the trustee had conducted it in violation of Virginia law. As relevant here, the Rileys claimed that the trustee had failed to (1) declare all debts due and payable under Va. Code Ann. § 55-59(7) (Michie 1995); and (2) identify the property by street address in the advertisements publicizing the fore-closure sale, as required by Va. Code Ann. § 55-59.3. After the gov-ernment, defending on the trustee's behalf, removed the case to the United States District Court for the Western District of Virginia, it filed motions to dismiss and for summary judgment.

On November 28, 2000, upon the recommendation of a federal magistrate, the district court, Michael, J., granted the government's motion for summary judgment, holding inter alia that (1) under the applicable law and the terms of the deed of trust, the trustee need not have given the debtors any notice, because the government was per-mitted to discharge that function; and (2) the trustee had used an advertisement that complied substantially with the mandate of Va. Code Ann. § 55-59.3.

On December 22, 2000, the Rileys appealed from the district court's grant of summary judgment in the case concerning the propri-ety of the trustee's actions (the "foreclosure case"). On December 26, 2000, Mr. Riley appealed from the district court's dismissal of his appeals concerning the propriety of the bankruptcy court's orders (the "bankruptcy appeal"). These appeals have been consolidated and are now ripe for decision.

## II.

We review the bankruptcy appeal by applying the same standard of review that the district court applied to the bankruptcy court's decision. *Kielisch v. Educ. Credit Mgmt. Corp.*, 258 F.3d 315, 319 (4th Cir. 2001). Findings of fact are thus reviewed for clear error, and conclusions of law de novo. *Id.* We review the district court's grant of summary judgment in the foreclosure case de novo. *Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330 (4th Cir. 1998). We first discuss the bankruptcy appeal.

## III.

## A.

Mr. Riley raises several challenges to the district court's dismissal of his appeal concerning the efficacy of the bankruptcy court's vacation of the stay and the validity of the resulting foreclosure sale.[1] He first argues that the foreclosure sale was a nullity, because an order granting a motion for relief from an automatic stay is itself stayed for ten days under Fed. R. Bankr. P. 4001(a)(3), and the foreclosure sale, which took place the day after the district court vacated the stay, thus was executed in violation of the stay. Mr. Riley additionally maintains that relief from an automatic stay is unavailable to a creditor on the day following the filing of a Chapter 12 bankruptcy petition. He also contends that the district court committed legal error in applying Va. Code Ann. § 8.2-328(2) to conclude that "[a] sale by auction is complete when the auctioneer so announces by the fall of the hammer or in other customary manner."

As the district court held, Mr. Riley's appeal was moot. When a debtor fails to obtain a stay of an order lifting an automatic stay, thus allowing the creditor to foreclose and a sale to a good faith purchaser to be effected, the foreclosure renders moot any bankruptcy appeal concerning the propriety of the lifting of the stay or the validity of the sale, as the court lacks a proper remedy. *See March v. Kittay*, 988

---

[1]Mr. Riley raises no argument concerning the district court's dismissal of his appeal concerning the bankruptcy court's dismissal of his Chapter 12 petition, and we accordingly express no view on that subject.

F.2d 498, 499 (4th Cir. 1993) (failure to obtain a stay of the district court's order rendered moot appeal on applicability of the stay where the property was sold upon foreclosure during the pendency of the appeal); *In re Sullivan Central Plaza, I, Ltd.*, 914 F.2d 731, 733 (5th Cir. 1990) ("If the debtor fails to obtain a stay, and if the property is sold in the interim, the district court will ordinarily be unable to grant any relief. Accordingly, the appeal will be moot."); *In re Lashley*, 825 F.2d 362, 364 (11th Cir. 1987) ("When a debtor does not obtain a stay pending appeal of a bankruptcy court order setting aside an automatic stay and allowing a creditor to foreclose on property the subsequent foreclosure renders moot any appeal."). For this reason, we affirm the district court's dismissal of Mr. Riley's appeal.[2] We now turn to the Rileys' joint appeal.

### B.

#### 1.

The Rileys argue that the trustee violated Virginia law by failing to (a) declare the debts due and payable before proceeding to sell the property, in violation of Va. Code Ann. § 55-59, and (b) include the street address of the property in the notice of sale, in violation of Va. Code Ann. § 55-59.3. We reject these arguments on the reasoning of the district court. Va. Code Ann. § 55-59 provides:

> Every deed of trust to secure debts or indemnify sureties is in the nature of a contract and shall be construed according

---

[2]We also reject Mr. Riley's contention that the bankruptcy and district courts committed reversible error in failing to "find facts specially" and to "state separately" conclusions of law under Fed. R. Civ. P. 52(a). As to the bankruptcy court's alleged error, Mr. Riley waived this argument when he failed to raise it in the district court. *See United States v. Olson*, 4 F.3d 562, 567 (8th Cir. 1993). As to the district court's alleged omission, Mr. Riley misapprehends Rule 52(a). Where the district court sits as an appellate tribunal, it simply reviews the bankruptcy court's factual findings for clear error, and its conclusions of law de novo. *Kielisch v. Educ. Credit Mgmt. Corp.*, 258 F.3d 315, 319 (4th Cir. 2001). It is not required to fulfill the trial court's duties to "find the facts specially" and "state separately" conclusions of law. *See* Fed. R. Civ. P. 52(a).

to its terms to the extent not in conflict with the require-
ments of law. *Unless otherwise provided therein*, it shall be
construed to impose and confer upon the parties thereto, and
the beneficiaries thereunder, the following duties, rights and
obligations in like manner as if the same were expressly pro-
vided for by such deed of trust:

. . . .

7. In the event of default in the payment of the debt
secured, or any part thereof, . . . then at the request of any
beneficiary *the trustee shall forthwith declare all the debts
and obligations secured by the deed of trust at once due and
payable* and may take possession of the property and pro-
ceed to sell the same at auction . . . .

(Emphasis added.) The Rileys argue, as they did below, that the trust-
ee's failure to declare the debts due and payable rendered the foreclo-
sure sale null and void. As a reading of the plain language of the
statute makes clear, however, section 55-59 merely outlines the duties
of the parties to the extent that the deeds of trust are silent. As the dis-
trict court found, the deeds of trust at issue here permit the *govern-
ment*, rather than the trustee, to declare the debts due and payable:

(18) SHOULD DEFAULT occur in the performance or dis-
charge of any obligation in this instrument or secured by this
instrument, . . . *the Government, at its option, with or with-
out notice, may: (a) declare the entire amount unpaid under
the note and any indebtedness to the Government hereby
secured immediately due and payable*, . . . and (d) authorize
and request Trustee to foreclose this instrument and sell the
property as provided by law.

(J.A. at 94, 101) (emphasis added).

Despite the clear language of the deeds, permitting the government
to declare the debts due and payable, and the express language of the
statute, conditioning the requirement that the trustee declare the debts
due and payable on the non-existence of a provision in the deeds to

the contrary, the Rileys nonetheless contend that the statutory require-
ment is mandatory and thus cannot be "waived." As the district court
held, this argument lacks merit, because under the explicit terms of
the deeds and the statute, the trustee was under no obligation to
declare the debts due and payable. *See Colonial Inv. Co. Cherrydale
Cement Block Co.*, 73 S.E.2d 419, 424 (Va. 1952) (requirements set
forth in section 55-59 "are controlling when the deeds of trust do not
otherwise provide").

2.

The Rileys' reliance on Va. Code Ann. § 55-59.3 is also misplaced.
Section 55-59.3 provides:

> The advertisement of sale under any deed of trust . . . shall
> set forth a description of the property to be sold, which
> description need not be as extensive as that contained in the
> deed of trust, *and shall identify the property by street
> address*, if any, or, if none, shall give the general location
> of the property with reference to streets, routes, or known
> landmarks.

(Emphasis added.)

There was a dispute below as to which of two notices of sale the
trustee caused to be published. It is undisputed, however, that neither
of the notices specified the street address of the property. Neverthe-
less, each notice contained the mailing address of the property, which
was the only address referenced in the deeds of trust. In addition, one
notice provided a detailed legal description of the property, while the
other contained a more general description and referenced the corre-
sponding deed book and page numbers, where more detailed descrip-
tions easily could be found.

The Rileys contend that under the terms of section 55-59.3, the
requirement that a foreclosure advertisement specify the street address
of the property to be sold is mandatory. Because the notice used here
did not include the street address of the property, the Rileys urge us
to declare the foreclosure sale void. As the district court noted, how-

ever, the Virginia Supreme Court recently made clear that substantial compliance with the notice requirements of section 55-59.3 is sufficient, so long as the parties' rights are not affected in any material way. *See Virginia Housing Dev. Authority v. Fox Run Ltd. P'ship*, 497 S.E.2d 747, 754 (Va. 1998). As the district court held, each of the notices at issue here substantially complied with the statute by using the address listed in the deeds of trust and by sufficiently describing the property to be sold. Because the Rileys have failed to demonstrate that the failure to include the street address affected their rights in any material way, we affirm the district court's holding that the advertisement of sale was proper under Virginia law.

## IV.

For the foregoing reasons, the district court's dismissal of Mr. Riley's appeal from the bankruptcy court's order vacating the automatic stay is hereby affirmed. We additionally affirm the district court's grant of summary judgment against the Rileys in the foreclosure case.

*AFFIRMED*