**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-2088**

———————

CARRIE ELIZABETH PUGH WOOD,

             Plaintiff - Appellant,

      v.

MOREQUITY, INCORPORATED,

             Defendant - Appellee.

———————

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (3:07-cv-00064-nkm-bwc)

———————

Submitted: April 28, 2009              Decided: May 22, 2009

———————

Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Henry W. McLaughlin, III, CENTRAL VIRGINIA LEGAL AID SOCIETY, INC., Richmond, Virginia; King F. Tower, WILLIAMS MULLEN, Richmond, Virginia, for Appellant. Robert S. Westermann, Thomas N. Jamerson, HUNTON & WILLIAMS LLP, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carrie Elizabeth Pugh Wood ("Wood") appeals the district court's adverse grant of summary judgment and dismissal of her civil action in which she challenged a foreclosure sale that resulted from a default on a secured mortgage loan held by MorEquity, Inc. ("MorEquity"), and its denial of her Fed. R. Civ. P. 59(e) motion for reconsideration. We have reviewed the record and find no reversible error.

The material facts are not in dispute, are well known to the parties, and will not be recounted here. This court reviews a district court's grant of summary judgment de novo, construing the facts in the light most favorable to the nonmoving party. Holland v. Washington Homes, Inc., 487 F.3d 208, 213 (4th Cir. 2007), cert. denied, 128 S. Ct. 955 (2008). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (citations omitted).

As a preliminary matter, the district court properly held that, under Virginia law, "substantial compliance [with Va. Code Ann. § 55-59.3] is sufficient so long as the rights of the parties are not affected in any material way." See Va. Hous. Dev. Auth. v. Fox Run Ltd. P'ship, 497 S.E.2d 747, 754 (Va. 1998) (citing Bailey v. Pioneer Fed. Sav. & Loan Ass'n, 172 S.E.2d 730, 734 (Va. 1970)). Accordingly, to prevail, Wood was required to establish either that the advertisement of sale did not substantially comply with the statutory requirements of § 55-59.3, or that she was materially prejudiced by any non-compliance.

Wood claims that there were two street addresses associated with the property at issue ("the Property"), and that in failing to list both addresses in the newspaper advertisement notifying the public of the sale of the Property, MorEquity did not comply with the requirements of § 55-59.3. She reasons that the failure to do so voided the forfeiture because if the Property had been properly advertised as having two, rather than one residence, the advertisement would have attracted additional potential buyers, and the sale would have been consummated for more than the forfeiture sale price paid by MorEquity, thus establishing material prejudice.

The district court assumed, without deciding, that Wood's claim that there were two street addresses for the

3

Property was sound and that the statutory language required MorEquity to list both addresses. It then noted that MorEquity's advertisement of sale included a description of the Property, the only address listed in the Deed of Trust, and a reference to the Deed Book and page number where the Deed of Trust could be found, and found that this information, without more, constituted substantial statutory compliance.[1] The court went on to note that MorEquity's advertisement went further than that upheld in Riley, in that the notice in this case contained also: (1) a street address for the Property rather than a mailing address; (2) the entirety of the only recorded legal description of the Property, which implicitly referenced both residences by stating that the Property includes the "tract of land together with all buildings, improvements and appurtenances;" (3) the Property's tax map identification number, under which Nelson County tax records indicate that there are two residences on the Property; and (4) the address and telephone number for a person who could be contacted for additional information. Given that the advertisement of sale here went so much further than that upheld as sufficient under

---

[1] The district court considered Riley v. Robey, 122 F. Supp. 2d 684, 687 (W.D. Va. 2000), aff'd, 25 Fed. App'x 149 (4th Cir. 2002), in which the court, relying on Fox Run, found that a notice for sale that did not include any street address nonetheless satisfied the notice provision of § 55-59.3.

4

§ 55-59.3 in either the Fox Run or Riley cases,[2] we find no error in the district court's conclusion that the advertisement relative to the Property substantially complied with § 55-59.3. Nor do we find error in the district court's determination that, even assuming error in the advertisement, Wood failed to demonstrate material prejudice, as she presented no evidence to support her conclusion that the failure to include both addresses in the sale notice prejudiced the sale against obtaining the best price.[3]

We review for abuse of discretion the denial of a Rule 59(e) motion to alter or amend judgment. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 402 (4th Cir. 1998). Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a

---

[2] Wood attempts to distinguish Riley and Fox Run on the ground that they did not involve material, substantial, or prejudicial error. But Wood similarly fails to allege facts supporting a finding of material, substantial, or prejudicial error in the present case.

[3] Although Wood presents the assessed tax record, a declaration of the Nelson County commissioner of revenue, and photographs of the dwellings on the property, we agree with the district court that this evidence is insufficient to establish material prejudice because it does not show that the inclusion of the second residential address in the advertisement would have generated higher bids on the property. Wood asserts that Virginia law presumes material prejudice, but she fails to support this contention with either statutory authority or applicable case law.

judgment, we previously have recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Id. at 403.

As the majority of Wood's arguments raised in her Rule 59(e) motion were merely a restatement of arguments she made on summary judgment, the district court properly rejected such claims. Id. Her remaining assertion, that she should have been given the opportunity to present additional evidence of the value of the Property at trial, was also properly dismissed by the district court on the ground that a party opposing summary judgment cannot rely on what the evidence at trial would demonstrate, but rather on the evidence before the district court at the time the summary judgment motion is considered. Thus, we find no abuse of the district court's discretion in its denial of Wood's motion for reconsideration.

Accordingly, we affirm the district court's dismissal of the complaint on summary judgment, as well as its order denying Wood's Rule 59(e) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6